Wilson, J.
(Orally.)
The plaintiffs in their petition allege that they are trustees,duly appointed and qualified to act, of the estate of A. W. Frank, deceased, and as such have charge of the real estate described in the petition.
For cause of action they say that this real estate was valued for taxation in the year 1890, and that plaintiffs being dissatisfied therewith, applied to the board of review of this city, sitting as the annual board of equalization, to reduce the valuation. That board,acting upon their application, did reduce the valuation of the property in the sum of $6,690.
The plaintiffs say that not being satisfied with this, they appliec to the annual board of equalization sitting *256 as a board of revision in the December following, for a. further reduction in the valuation.
The board of revision rejected their application, whereupon the plaintiffs say they appealed to the auditor of state, under the provisions of the statute, as found in sec-ion 2805a; that the auditor of state, acting at Columbus with the Attorney General and the Governor, granted their application and reduced the valuation in the sum of $5,000 on each of the two pieces of property, and ordered the auditor of Hamilton county to enter the reduction upon the duplicate of the county, and to remit the taxes on the same for the year 1892.
The auditor of Hamilton county entered the reduction-upon the duplicate and remitted the taxes as ordered.
Afterwards, in the year 1895, the board of supervisors of' the city, sitting as the annual'board of equalization, cited the plaintiffs before them upon the hearing of a motion to-increase the valuation of this property for gross inequality.
The'plairdifSs appeared, and upon the hearing the annual board of equalization ordered the valuation to be increased in the sum of $5,000 on each of the tracts; and the auditor-of the county, upon receiving the order from the annual-board of equalization, entered this increase of valuation upon the duplicate of the county, and certified the fact of increased taxes arising therefrom to the defendant, the-treasurer of the county, for collection.
The plaintiffs allege in their petition that there has been no change whatever in the value of saijd real estate orín any of the real estate in the locality where the two aforesaid pieces of property are situated, and that the value of said two pieces of property,as compared with other property in the locality, is precisely the same as it was at the • time said state auditor issued his order of reduction and remission; that no new conditions have arisen whereby a-.. new valuation is made proper by reason of changed condi- *257 tions, and that, if anything, all of the property in the aforesaid locality has,since the last decennial appraisement, decreased in valuation; and these plaintiffs therefore say that said board of equalization was without authority to increase the valuation of said property. They therefore ask that the defendants may be enjoined from taking the steps necessary to collect the taxes occasioned by this increased valuation placed upon the property, as they claim, •unlawfully.
The defendants, the officers of the county, answer in effect that this increased valuation which was placed upon the property, was not placed there for the purpose of restoring the valuation as it had been before the auditor of •state ordered it changed, but that it was so placed by reason of the gross inequality then existing.
It is contended on behalf of the plaintiffs that the annual board of equalization was without authority of law to make this additional valuation of the property, because there had been no change in the value or conditions of the property since its valuation had been fixed by the auditor of state.
On the other hand, it is contended by the, defendants that the power to make this change is vested arbitrarily and absolutely in this board, and that its discretion in that regard cannot be collaterally attacked.
Our views of the law, speaking generally, are these: The annual board of equalization has the power to change the valuation m any one year of the ten. Their right to change is not confined to the decennial appraisement; but their power to do so is not an arbitrary, one; the change, if made, must be based upon facts and reason.
We think the contention of the plaintiffs well taken, that when a change is made by the board it must be made upon a changed condition of the property; and if the plaintiffs are able to show that there is no such changed condition *258 brought about since the last appraisement, they would have the right to insist upon the prior appraisement as being the true and ascertained value of the property. But if any change in the conditions is shown, the change in the valuation is within the discretion of the board, and cannot be collaterally attacked.
It appears from the evidence in this case that the averment in the petition, to the effect that the plaintiff made application to the annual board of equalization sitting as a board of revision, to change this valuation, in December, 1892, is not true. The plaintiffs did not make any application to the auditor of the county to convene the annual board of equalization as a board of revision in that year. The annual board of equalization did not meet and sit as a board of revision in the year 1892. It therefore follows that it made no order in this case affecting the valuation of this property. In the nature of things it could not make any order without tirst being constituted as a board of revision.
The plaintiffs’ right to appeal is from an order made by the board of revision; in the absence of any such order they have no right to appeal. It therefore follows that the auditor of state acquired no appellate jurisdiction which gave him authority to review any order of revision,
But it is contended that the auditor of state had original jurisdiction to make this reduction in the valuation of the property by reason of the terms of section 2800 of the Revised Statutes; or if not by the terms of that section, then by reason of the authority conferred upon him in section 167 of the Revised Statutes.
Section 2800 is as follows:-
“Each couuty auditor shall from time to time correct any errors which he may discover in the name of the owner, in the valuation, description, or quantity of any tract or lot contained in the list of real property in his county; but *259 in no case shall he make any deduction from the valuation of any trait or lot of real property except such as have been ordered either by the state board or by the county board of equalization, or upon the written order of the auditor of state. 33
Section 167 is as follows:
“He (the auditor of state) may remit such taxes and penalties thereon as he ascertains to have been illegally assessed, and such penalties as have accrued or may accrue in consequence of the negligence or error of any officer required to do any duty relating to the assessment of property for taxation, or the levy or collection of taxes, and he may from time to time correct any error in any assessment of property for taxation or in the duplicate of taxes in any county.
Judge Bradbury, in the case of State ex rel. v. Poe, 47 Ohio St., 448, says in his opinion, on page 457:-
“ Errors by which property escapes its proper share of taxation must of necessity be either fundamental, and thus beyond the power of a county auditor to correct, or clerical merely, and therefore within that power.
“The difficulty here, lies in the attempt to distinguish them. While we are not required in this case to lay down rules, if that were possible, by which in all cases the character of these errors — as being fundamental or merely clerical — may be determined, yet certainly those only are to be deemed fundamental that pertain to the very foundation upon which a tax rests; this of course includes defects and imperfections in the law itself, and errors of judgment committed by public boards acting within the scope of their authority.”
The error complained of in this case, and which it was sought to review before the auditor of state, was an error of judgment committed by the annual board of equalization; it was therefore a fundamental error,and not merely clerical.
And says the judge again:
“But can an error be said to be fundamental, and *260 thereby placed beyond the power of a county auditor to correct, where it has been committed by a board of equalization or any other board or officer while acting without authority of law, or in excess thereof? We think not; and if, when we come to examine the acts of the boards of equalization, which are under consideration in this action, it shall appear that they acted without warrant of law, or exceeded their authority, their errors so committed are not in any proper sense of the term fundamental, and may therefore be corrected by the county auditor.”
We are of the opinion that the only authority vested in the auditor of state, to correct a fundamental error in the valuation of property, is upon appeal from the action of the board of revision under and by virtue of section 2805 of the Revised Statutes, if that law be constitutional. We do not think that either section 2800, or section 167 vests in the auditór of state an original, arbitrary and unrestricted power to change the valuation of property. We cannot conceive that this was the intention of the legislature in the light of the other provisions of the statutes. The annual boards of equalization and the boards of revision are not entitled in any instance to reduce the aggregate valuation of the duplicate in any one year. They must maintain the aggregate value of the duplicate as returned by the assessors under all circumstances, and they are not permitted to reduce it below the aggregate valuation of the preceding year. Now, with all these restrictions placed about the boards which are created for the purpose of fixing valuations, we would regard it as nothing less than absurd to hold that there is vested in the auditor of state an arbitrary power to change these valuations without restriction, and without reference to the boards of equalization and boards of revision. His power to change the valuation of property upon the duplicate in any county is the power to change what are known as clerical errors only, and not fundamental errors.
L. C. Black, G. C. Archer, and Sidney G. Strieker, for: Plaintiffs.
Bendigs, Foraker & Dinsmore, County Solicitors, for Defendants.
If he has any power to change fundamental errors, such as mistakes in judgment by the boards of equalization or boards of revision, he must acquire that power on appeal, under the provisions of section 2805a.
We have found that there was no appeal1 in this case, therefore the auditor of state never acquired appellate jurisdiction, and was without authority of law to make the reduction which he did make.
If that be true, the auditor of the county would be authorized to add to the duplicate the reduction which had been ordered by a mistake of law by the auditor of state, and whether the annual board of equalization acted within its authority when it ordered the valuation of the property to be increased by the sum of $5,000 in the year 1895, it would not be necessary to inquire, because the auditor, when he entered the increase,as ordered by the' board,had the authority to do so by virtue of the provisions of section 2800, for that the reduction theretofore made was not authorized by law.-
But determining the case upon the evidence, it does not satisfy the court that there was no such change of conditions as would justify the action of the board. There may have been reductions on other property in the city, requiring the increase on this, in order to maintain the aggregate. Upon this point the evidence is silent,
Holding, as we do, that the burden is on the plaintiffs* to show the change of conditions, we do not find that they* are entitled to any relief in the premises, and the petition will. be dismissed.